**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

AF HOLDINGS LLC,                        CASE Nos. 12-cv-1449 (JNE/FLN)

      Plaintiff,                       Judge: Hon. Joan N. Ericksen

v.                                      Magistrate Judge: Hon. Franklin L. Noel

ROEUM HEAN,

      Defendant.

---

### PLAINTIFF'S OBJECTION TO HONORABLE MAGISTRATE JUDGE FRANKLIN NOEL'S ORDER OF AUGUST 19, 2013

Plaintiff AF Holdings LLC, pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and D. Minn. LR 72.2, hereby respectfully submits this objection to the portion of Honorable Magistrate Judge Franklin Noel's order of August 19, 2013 that requires Michael Dugas to remain counsel of record for Plaintiff in this case. The relevant portion of the order is clearly erroneous and contrary to law. The order applied the wrong standard for evaluating a notice of withdrawal. The elements of a notice of withdrawal pursuant to Local Rule 83.7(a) have been met. Local Rule 83.7(c) is not mandatory for withdrawal.

### FACTUAL BACKGROUND

On June 20, 2013 Magistrate Judge Noel reopened this case to "determine whether the plaintiff committed a fraud on the court . . . ." (ECF No. 33 at 8.) Because attorney Michael Dugas no longer represented Plaintiff or worked for any

1

firm that represented Plaintiff, he filed a notice of substitution and withdrawal pursuant to Local Rule 83.7(b). (ECF No. 37.) Attorney Paul Hansmeier made an appearance on behalf of Plaintiff in place of attorney Michael Dugas. (*Id.*) During a case management conference the Court noted that it rejected the notice under subsection (b)(2) because the substitution and withdrawal would delay the progress of the case.

On August 19, 2013 attorney Michael Dugas also filed a notice of withdrawal pursuant to Local Rule 83.7(a). (ECF No. 52.) On August 19, 2013 Magistrate Judge Noel ordered the Clerk of Court to "correct the docket to reflect that Mr. Michael K. Dugas remains counsel of record for the plaintiff . . . because it would delay the progress of this case." (ECF No. 53 at 4.) Magistrate Judge Noel further stated that attorney Dugas' "notice of withdrawal filed pursuant to Local Rule 83.7(a) does not change the Court's analysis." (*Id.* at 4 n.1.) Finally, Magistrate Judge Noel ordered that "[i]f Mr. Dugas wishes to withdraw as counsel of record for the plaintiff, he must proceed in accordance with Local Rule 83.7(c) and establish good cause to do so." (*Id.* at 4.)

## LEGAL STANDARD

The Court must "set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2; *see also Soliman v. Johanns*, 412 F. 3d 920, 923 (8th Cir. 2005) ("Upon a timely objection to a magistrate's order disposing of a nondispositive matter, a litigant is entitled to have the district court 'consider such objection[] and . . .

modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.'"). If the magistrate judge's decision violates either prong, the decision must be set aside. *Transamerica Life Ins. V. Lincoln Nat. Life Ins. Co.*, 592 F. Supp. 2d 1087 (N.D. Iowa 2008). "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn.,* 254 F.R.D. 553, 556 (D. Minn. 2008).

## DISCUSSION

The order of August 19, 2013 is clearly erroneous and contrary to law for three reasons. First, it applied the wrong standard for evaluating a notice of withdrawal brought pursuant to Local Rule 83.7(a). Second, the elements of a notice of withdrawal brought pursuant to Local Rule 83.7(a) have been met. Third, Local Rule 83.7(c) is not a mandatory vehicle for withdrawal when Local Rule 83.7(a) applies. As a result, the portion of Magistrate Judge's order that requires attorney Dugas to remain counsel of record—notwithstanding the ongoing presence of replacement counsel—must be set aside. Plaintiff addresses these reasons in further detail below.

## I. THE ORDER OF AUGUST 19, 2013 IS CONTRARY TO LAW BECAUSE IT APPLIED THE WRONG STANDARD FOR EVALUATING A NOTICE OF WITHDRAWAL

The language of Local Rule 83.7(a) is plain and unambiguous. A notice of withdrawal under Local Rule 83.7(a) is "effective upon filing" if another attorney has made an appearance on behalf of the party and that attorney will continue to

3

represent the party after the withdrawal. D. Minn. LR 83.7(a). Magistrate Judge Noel denied the notice of withdrawal pursuant to subsection (b)(2) of Local Rule 83.7 "because it would delay the progress of this case." (ECF No. 53 at 4.) Attorney Dugas' notice of withdrawal, however, was additionally filed pursuant to Local Rule 83.7(a). (ECF No. 52.) Subsection (b)(2) is not a basis for rejecting a notice of withdrawal brought pursuant to subsection (a). D. Minn. LR 83.7(a). The progress of the case is not an element under subsection (a). *Id.* Magistrate Judge Noel stated that attorney Dugas' "notice of withdrawal filed pursuant to Local Rule 83.7(a) does not change the Court's analysis" under subsection (b)(2). (ECF No. 53 at 4 n.1.) But it should; the elements of subsection (a) are plainly distinct from the elements of subsection (b). The Court's decision is contrary to law because it misapplies the relevant rule. *Knutson,* 254 F.R.D. at 556. As a result, the portion of the August 19th order that forces attorney Dugas to continue to represent Plaintiff in this matter should be set aside. Fed. R. Civ. P. 72(a).

## II.  THE ORDER OF AUGUST 19, 2013 IS CONTRARY TO LAW BECAUSE THE ELEMENTS OF LOCAL RULE 83.7(a) ARE MET

A notice of withdrawal under Local Rule 83.7(a) must meet two elements to be effective: "(1) multiple attorneys have appeared on behalf of the party; and (2) at least one of those attorneys will still be the party's counsel of record after the attorney seeking to withdraw does so." D. Minn. LR 83.7(a). Both of the elements for Local Rule 83.7(a) are met. Element (1) is met because attorney Paul Hansmeier made an appearance on behalf of Plaintiff on July 29, 2013. (ECF No.

37.) Element (2) is met because attorney Paul Hansmeier will still be counsel of record for Plaintiff after the withdrawal. (*See* Decl. of Mark Lutz ¶ 3, attached hereto.) The relevant portion of the August 19th order is contrary to law and should be set aside. *Knutson,* 254 F.R.D. at 556; Fed. R. Civ. P. 72(a).

### III.  THE ORDER OF AUGUST 19, 2013 IS CONTRARY TO LAW BECAUSE LOCAL RULE 83.7(c) IS NOT MANDATORY HERE

Local Rule 83.7(c) permits an attorney to move to withdraw as counsel for a party upon a showing of good cause. D. Minn. LR 83.7(c). Magistrate Judge Noel's ordered that "[i]f Mr. Dugas wishes to withdraw as counsel of record for the plaintiff, he must proceed in accordance with Local Rule 83.7(c) and establish good cause to do so." (ECF No. 53 at 4.) But a motion brought pursuant to Local Rule 83.7(c) is only necessary if Local Rules 83.7(a) or (b) are not met. D. Minn. LR 83.7(c) ("An attorney who seeks to withdraw *otherwise* than under LR 83.7(a) or (b) must move to withdraw and must show good cause.") (emphasis added).

Indeed, the Local Rules were amended in 2011 to clarify that a motion to withdraw is not required if the party will continue to have legal representation after the withdrawal. D. Minn. LR 83.7 2011 Advisory Committee's Notes ("Subsection (a) was changed to clarify that it is not necessary to file a motion to withdraw if an attorney's withdrawal will not cause a party to lose legal representation."); *see also* D. Minn. LR 83.7(a) (explaining that a notice of withdrawal is "effective upon filing."). Here, attorney Paul Hansmeier will still be counsel of record for Plaintiff after the withdrawal. (Decl. of Mark Lutz ¶ 3.)

Therefore, Magistrate Judge Noel's requirement that attorney Dugas must move pursuant to Local Rule 83.7(c) is contrary to law and should be set aside. *Knutson*, 254 F.R.D. at 556; Fed. R. Civ. P. 72(a).

## CONCLUSION

The order of August 19, 2013 is clearly erroneous and contrary to law. The order applied the wrong standard for evaluating a notice of withdrawal brought pursuant to Local Rule 83.7(a). Further, the elements of a notice of withdrawal brought pursuant to Local Rule 83.7(a) have been met. Finally, Local Rule 83.7(c) is not mandatory here. The portion of the August 19th order that forces attorney Dugas to continue to represent Plaintiff in this matter should be set aside.

Respectfully submitted,

DATED: September 2, 2013

s/ Paul Hansmeier
Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Telephone: (612) 234-5744
mail@classjustice.org
Attorney for Plaintiff

Respectfully submitted,

DATED: September 2, 2013

s/ Michael K. Dugas
Michael K. Dugas
Bar No. 0392158
1314 Marquette Ave.
Minneapolis, MN 55403

6