IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | Case No.: 12-cv-1445 JNE-FLN |
| | : | Case No.: 12-cv-1446 JNE-FLN |
| Plaintiff, | : | Case No.: 12-cv-1447 JNE-FLN |
| | : | Case No.: 12-cv-1448 JNE-FLN |
| v. | : | Case No.: 12-cv-1449 JNE-FLN |
| | : | |
| John Doe, | : | |
| | : | |
| Defendant. | : | |

**THIRD PARTY ALAN COOPER'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

On August 28, this Court granted Alan Cooper's request to challenge the authenticity of the copyright assignments at issue in the above cases. In response to the orders that issued in the above cases, Alan Cooper submits the following memorandum in order to demonstrate that the copyright assignments at issue in these cases, which purport to bear his signature, are not authentic.

Alan Cooper has previously testified to this issue before Judge Otis D. Wright II in the Central District of California and pursuant to this Court's order is prepared to testify on September 30, 2013.

In preparation for that evidentiary hearing, Cooper offers the following additional evidence to demonstrate that his testimony before Judge Wright was accurate and that plaintiff AF Holdings and its counsel cannot meet their burden of demonstrating that the documents are authentic.

## FACTUAL BACKGROUND

### I.      Alan Cooper Did Not Sign The Copyright Assignments

Alan Cooper testified before Judge Wright and submitted sworn affidavits (see Exhibit B) stating that he has never signed any of the copyright assignment agreements, nor has he ever given anyone else authority to do so on his behalf. Cooper's statements were not contradicted with evidence either the hearings before Judge Wright nor in any other pending case involving the same copyright assignments. The attorneys for AF Holdings were given several opportunities to appear, to cross-examine Cooper, and to offer their own testimony Judge Wright. Instead, they plead the Fifth.

While Plaintiff's recent submissions of affidavits argue that Cooper has some involvement, none of the affidavits submitted are made based on personal knowledge of involvement, but rather speculation or false and irrelevant *ad hominem* attacks. Furthermore, none of the affidavits address the critical issue of who actually signed the two assignment agreements at issue in the cases before this court.

On the following page is a table of "Alan Cooper" signatures, both legitimate and forged. Copies of the documents are attached as Exhibits A-E. Cooper can testify as to which of these documents he actually signed.

**TABLE OF "ALAN COOPER" SIGNATURES**
**(complete documents attached as Exhibits A-E)**

| | |
|---|---|
|  | Alan Cooper's signature appearing on lease agreement signed November 17, 2006<br><br>*See* EXHIBIT A |
|  | Alan Cooper's signature appearing on affidavit signed December 3, 2012<br><br>*See* EXHIBIT B |
|  | Forged "Alan Cooper" signature appearing on assignment for "Popular Demand"<br><br>*See* EXHIBIT C |
|  | Forged "Alan Cooper" signature appearing on assignment for "Sexual Obsession"<br><br>*See* EXHIBIT D |
|  | Forged "Alan Cooper" signature appearing on VPR, Inc. Documents<br><br>*See* EXHIBIT E |

Even a brief examination without testimony suggests that not all of the signatures were created by the same person. The last signature is one that appears on documents filed on behalf of VPR, Inc. with the Nevada Secretary of State. Steele Hansmeier or Prenda represented VPR Internationale in a similar mass defendant copyright case titled *VPR Internationale v. Does 1-1,017* 2:11-cv-02068-HAB-DGB (N.D. Ill.). VPR, Inc. is linked to Steele Hansmeier and Prenda in that it lists "Alan Cooper" as every officer position, but gives an Arizona address that had been occupied by John Steele's sister. That same address also appears on records for domain names registered by John Steele through GoDaddy (see e.g. Exhibit G). While VPR is not directly relevant to this case, it demonstrates further fraud and misappropriation of Alan Cooper's name by the attorneys for AF Holdings. VPR, Inc. was also created in 2010 (*see* Exhibit E), before Steele's alleged 2011 conversation with Cooper regarding becoming involved in the porn industry. *See e.g. AF Holdings v. Doe,* 12-cv-1445 [Doc. 40-1] (*Aff.* John Steele). Steele's affidavit is a *post hoc* explanation of the forgery, rather than a truthful retelling of past events. It also indicates that AF Holdings and its attorneys have continued to commit fraud upon the court when faced with explaining earlier fraud.

## II.     Steele Has Impersonated Alan Cooper on the Phone

On at least one occasion, Steele has impersonated Alan Cooper on the phone. On a call made to the domain name registrar, GoDaddy, on November 29, 2012, the same day undersigned first alerted this Court to a possible forgery, a person calling from John Steele's telephone identified himself as "Alan Cooper." This same phone number called GoDaddy an number of other times, usually identifying itself as "John" or "John Steele" but at least one time identifying himself as "Mark Lutz." The audio recording from the November 29, 2012 GoDaddy call has been attached as an Exhibit F, and with the permission of the court, can be played for the record at the hearing on September 30, 2013. Exhibit G contains the records kept by GoDaddy that relate to that call and show phone number from where the call originated, which is a number John Steele has frequently used

## III.     AF Holdings Has Been Unable To Authenticate The Documents

AF Holdings has been questioned about these documents in cases other than these and the case leading to Judge Wright's order, but AF Holdings has never authenticated the copyright assignments despite several opportunities to do so. Attorney Paul Hansmeier appeared as a 30(b)(6) deponent for AF Holdings LLC in response to a notice of deposition in a case titled *AF Holdings LLC v. Navasca (*12-cv-02396-EMC, N.D.Cal.

02/19/2013). The same copyright assignments were at issue in that case as

well. In the *Navasca* deposition, Mr. Hansmeier explains the "Alan Cooper"

signature problem as follows:

> ```
> Q: . . . Is the Alan Cooper whose signature on
> here[1] the same Alan Cooper who's represented by
> attorney Paul Godfread?
>
> A. Well, first of all, I don't know who attorney
> Godfread represents and who he doesn't represent.
> If you're talking about the guy who's in
> Minnesota and was John Steele's former caretaker,
> all I can say is that AF Holdings -- the only
> person who knows who this Alan Cooper is is John
> Steele and we asked Mr. Steele, is this the same
> guy, is this not the same guy, is there another
> Alan Cooper and Mr. Steele declined to respond
> on the basis that Mr. Cooper has sued Mr. Steele
> and they're actively involved in litigation.
> ```

> *AF Holdings v. Navasca*, Deposition of Paul Hansmeier
>  (Excerpts attached as Exhibit H)

It is telling that the deponent designated by AF Holdings to speak about the

authenticity of the copyright assignments was unable to confirm that the

signature for AF Holdings was authentic.

More recently, in the same *AF Holdings v. Navasca* case, Magistrate

Judge Vadas held an evidentiary hearing on August 28, 2013 where AF

Holdings was to explain why Paul Hansmeier was selected as a deponent

rather than the sole employee, Mark Lutz, as well as to explain the finances

---

[1] The exhibit referred to in the question is a copy of the "Popular Demand" assignment
agreement at issue in these proceedings.

of AF Holdings. AF Holdings and its attorney produced no evidence or witnesses, despite an order from the court. In response, Magistrate Judge Vadas issued a report and recommendations concluding that issue preclusion would prevent AF Holdings from re-litigating findings made by Judge Wright and that the evidentiary hearing and submissions in *Navasca* clearly supported the findings made by Judge Wright. *AF Holdings v. Navasca*, (Report and Recommendation, 9/16/2013) (attached as Exhibit I).

AF Holdings and its associated attorneys have all had ample opportunity to explain the signatures on the assignment agreements at issue here. If Cooper had signed, or they had the authority to sign for him, or if there was another person named "Alan Cooper" who worked for AF Holdings, that evidence should have been produced by now. AF Holdings and its attorneys have had nine months to explain who signed these documents. When given their opportunity to explain under oath in front of Judge Wright, they plead the Fifth.

## IV. Attorneys for AF Holdings Have Submitted Forged or Altered Documents In Other Cases

Though this hearing is focused on two signatures in particular, Alan Cooper would like to reserve the right to more fully brief what is believed to be a pattern and practice of Prenda and its attorneys of submitting forged signatures or fraudulent documents. If this case were to proceed further, it

would be highly probative and relevant to consider other suspicious

signatures that Prenda has offered to courts in the past. The names include,

"Salt Marsh," "Allan Mooney," "Daniel Weber." These names have been

spelled in a variety of ways and have other inconsistencies that would tend

to show that most, if not all, are not authentic.

If the Court will indulge limited briefing on other signatures here,

there is one example that is particularly blatant and can be shown by

comparing two documents submitted by the same attorneys in cases before

the Northern District of Illinois. When comparing the two signatures below,

the attempt at forgery is immediately apparent.

| | |
|---|---|
|  | "Paul Hansmeier" signature appearing in *Lightspeed Media v. Does 1-100*, Case No.: 10-cv-05606 (N.D. Ill.) [Doc. 6-1] filed 9/2/2010 Exhibit J |
|  | "Peter Hansmeier" signature appearing in *Hard Drive Productions v. Does 1-14* Case No.: 11-cv-2981 (N.D. Ill.) [Doc. 5-2] filed 5/5/2011 Exhibit K |

An examination of the signatures will show identical and identically

placed stray marks appearing to the left of the "P" in each and above the

extended crossbar of the "H." The top signature appears to have been

created by starting with a copy of the lower signature and erasing the letters

"aul" in "Paul." Every line, loop, crossing, and even minor errors are

otherwise identical. It would also appear that the later signature has some

reduction in image quality from scanning or copying. Even if Peter

Hansmeier gave authorization to attorneys from Steele Hansmeier or Prenda

to sign a document on his behalf, the signature itself would not be what it

purports to be, namely the actual signature of Peter Hansmeier.

**V.      When Confronted With Evidence of Wrongdoing, AF Holdings Have
Engaged In Bad Faith Retaliatory Litigation and Threats**

In the proceedings before this Court, instead of explaining the

signatures, Plaintiff has attempted to change the subject with a series of

baseless character attacks on Cooper.[2] None of the numerous affidavits filed

directly address the authenticity of the documents in question. In addition to

the *ad hominem* attacks appearing in objections to these proceedings,

attorneys associated with Prenda filed three nearly identical defamation

lawsuits based on the claims in the letter filed with this court, and the

subsequent state court lawsuit *Cooper v. Steele, Prenda, AF Holdings,*

*Ingenuity13)*. Over the past year, attorneys with Prenda Law and Alpha Law

have repeatedly threatened additional vexatious litigation against this

attorney and Mr. Cooper. Starting around November 28, 2012, Attorney

Steele repeatedly contacted Mr. Cooper after being given notice of

representation attempting to threaten Cooper and sow conflict between

---

[2] *See e.g.* 12-cv-1449 [Doc. 54]

Cooper and his attorney. Steele in his voicemails left for Cooper referring to the various lawsuits, threatened that he wasn't going to go away and that Cooper's life was "going to get really complicated." Exhibit L. As recently as last week, attorney Paul Hansmeier, threatened to bring additional lawsuits based undersigned's work on this case and related cases[3], which he suggested could last up to 10 years and would have a serious impact on both my professional and personal life. *See Godfread Aff.* In every case, the intent to menace Mr. Cooper and undersigned is clear and unmistakable. But in every case, the deliberate avoidance of the very issues before this Court is also unmistakable.

## ARGUMENT

### I.     Cooper May Intervene Pursuant To Rule 24

The fraudulent use of Alan Cooper's name in this Court gives Cooper an interest in the outcome of this case, and in particular an interest in the evidentiary hearing scheduled for September 30. Rule 24(a)(2) states in part that a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties

---

[3] Related cases where undersigned appears as attorney of record being *AF Holdings, LLC v. Patel*, 13-mc-00068 JNE-FLN; *Cooper v. Steele, Prenda Law, AF Holdings, Ingenuity13*, No. 27-cv-13-3463 (Hennepin County, 2013).

adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A finding of fact or a report or recommendation stemming from the evidentiary hearing scheduled for September 30, would necessarily impair Cooper's rights and interests. Therefore this Court should allow his intervention, at least as to the factual issue regarding the fraudulent use of his name on documents filed in these cases.

Alternatively, this Court should allow Cooper to intervene under Rule 24(b). Rule 24(b) allows intervention when "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). It is not in dispute that Cooper has filed an action in Hennepin County alleging that his name was forged or misappropriated in the documents filed before this court. That action is still pending and has common questions of fact, specifically the authenticity of the copyright assignments.

## II.     The Court Has Jurisdiction To Consider Fraud On The Court

The fabrication of the copyright assignment agreements clearly warrants a finding of fraud on the court. "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or *fabrication of evidence by counsel* and must be supported by clear, unequivocal and convincing evidence." *In Re*

*Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976) (emphasis added). AF Holdings cannot demonstrate that it did not submit fabricated evidence in support of its complaint and did so in order to unlock the court's subpoena power. The evidence as well as previous findings of fact clearly show that the copyright assignments are fabricated. Not only are the assignment agreements fabricated, it is reasonable to conclude, as Judge Wright did, that Plaintiff itself is nothing more than a pretext for its attorneys to file lawsuits in the hope of extracting settlements.

District courts retain jurisdiction to handle collateral issues such as fraud and sanctionable conduct, even if they no longer have jurisdiction over the substance of a case. *Murphy v. Aurora Loan Services, LLC*, 859 F.Supp. 2d 1016 (D. Minn. 2012). As sanctions or other determinations regarding fraud on the court are collateral to the underlying action, dismissal does not deprive the Court of jurisdiction over those matters. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395-396, 110 S.Ct. 2447, (1990). Whether Plaintiff and Defendant have elected to dismiss the case has no bearing on this Court's jurisdiction over the parties for their conduct before this court. Plaintiff through its attorneys submitted the documents in question and this Court may determine whether that merits sanctions.

"Judges have ample power to award attorney's fees to a party injured by a lawyer's fraudulent or vexatious litigation tactics." *Hemmingsen v. Messerli & Kramer, PA,* 674 F.3d 814, 820 (8ᵗʰ Cir. 2012) (citing e.g. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)). The Court, the Defendants, and Cooper have all been injured by Plaintiff and its attorneys fraudulent conduct, and this Court may award attorneys fees. All were abused by material misrepresentations by AF Holdings and its counsel. These misrepresentations led to subpoenas and eventually settlements. That cases were dismissed by settlement, stipulation, or voluntary dismissal, rather than by a judgment on the merits does not avoid the problems caused by filing forged documents.

Plaintiff has argued, that the forged signature is immaterial, because an assignee does not need to sign a copyright assignment. That does not explain why AF Holdings would submit a document containing a forgery, even an unnecessary forgery. It also calls into question whether AF Holdings even exists if it cannot or does not have its employees, officers, or directors, sign documents on its own behalf. If Alan Cooper's signature was forged to conceal the identity of its actual owners, directors, or employees, that action would still be deceptive. Even the appearance of Alan Cooper's name is deceptive because as Plaintiff has testified and alleged, Alan Cooper is not an employee, officer, or director of Plaintiff. But the appearance of his name on

13

the assignment agreements suggests that there is someone named "Alan

Cooper" who holds some position at AF Holdings. This is not the case.

Either way, sanctions would be appropriate.

The reasons why AF Holdings and its attorneys in chose to submit a

forged document as authentic are beside the point. It is clear they did, and

there is no legitimate reason for them to have done so. Because Alan Cooper

is not an officer, director, shareholder, or employee, there would be no

legitimate reason for his signature to appear on these assignment

agreements. Plaintiff's "corporate representative" theory is not only absurd,

but unsupported and contradicted by evidence and findings of fact.

\* \* \*

## CONCLUSION

We therefore ask this Court to find that the signatures of "Alan

Cooper" appearing on the copyright assignments in these cases were forged.

We further ask that this Court award Alan Cooper reasonable attorneys fees

and any other sanction that would be reasonable and just to deter plaintiff

and its attorneys from engaging in similar conduct.


Dated: September 20, 2013        By: s/  Paul Godfread
                                      Paul Godfread (389316)
                                      **GODFREAD LAW FIRM, P.C.**
                                      100 South Fifth Street
                                      Suite 1900
                                        Minneapolis, MN 55402
                                        Telephone:  (612) 284-7325
                                        paul@godfreadlaw.com