UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AF Holdings LLC,

        Plaintiff,

v.                                                                                          Case No. 12-cv-1445 (JNE/DTS)

John Doe,

        Defendant.

AF Holdings LLC,

        Plaintiff,

v.                                                                                          Case No. 12-cv-1446 (JNE/DTS)

John Doe,

        Defendant.

AF Holdings LLC,

        Plaintiff,

v.                                                                                          Case No. 12-cv-1447 (JNE/DTS)

John Doe,

        Defendant.

AF Holdings LLC,

        Plaintiff,

v.                                                                                          Case No. 12-cv-1448 (JNE/DTS)

John Doe,

        Defendant.

AF Holdings LLC,

        Plaintiff,

v.                                                                 Case No. 12-cv-1449 (JNE/DTS)

Roeum Hean,

        Defendant.

AF Holdings LLC brought these actions in June 2012, voluntarily dismissed four of the five within a few months, and voluntarily dismissed the fifth in February 2013. In August 2012, the Court ordered AF Holdings to file under seal a copy of communications between AF Holdings and the defendants. Paul Hansmeier, who represented AF Holdings,[1] recently submitted a motion to unseal the documents that were filed under seal based on the August 2012 Order. He also submitted a motion to disqualify.

"[P]ermissive intervention under Rule 24(b) [of the Federal Rules of Civil Procedure] is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases." *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (per curiam). "Normally, parties seeking permissive intervention pursuant to Rule 24(b) must show: (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common." *Id.* at 966 (footnote omitted). "[W]hen a party is seeking to intervene only to modify a protective order or unseal documents, and not to litigate a claim on the merits, an independent basis of jurisdiction is not required." *Id.* at 967. "[A] district court may

---

[1]    Hansmeier appeared for AF Holdings in July 2013. He was suspended from the practice of law in 2016, imprisoned in 2019, and disbarred in 2020.

2

properly consider a motion to intervene permissively for the limited purpose of modifying a protective order even after the underlying dispute between the parties has long been settled." *Id.* at 966 n.2 (alteration in original) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780 (3d Cir. 1994)). "[W]here a party is seeking to intervene in a case for the limited purpose of unsealing judicial records, most circuits have found that 'there is no reason to require such a strong nexus of fact or law.'" *Id.* at 967 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)). "[I]n such cases, it is the public's interest in the confidential[ity] of the judicial records" that is a common question of law between the parties and the putative intervenor. *Id.*

Hansmeier asserted that he "may move to unseal the records in this case," that "most courts hold that any member of the public may move to unseal records without first moving to intervene," that "even those courts which require some statement of interest typically do not require much beyond a statement of interest as a member of the public," and that he "has this interest as a member of the public." He sought the documents "so he can provide them to a reporter who is interested in reporting on Hansmeier's pornography piracy lawsuits and so he can use them in a variety of future proceedings." Hansmeier asserted that he "is preparing to bring claims for restoration against the beneficiaries of a restitution judgment entered against him in the criminal case." He submitted the motion to unseal more than seven years after the actions were dismissed and more than six years after the conclusion of post-dismissal proceedings. On this record, Hansmeier failed to demonstrate that intervention should be permitted. *Cf. Pansy*, 23 F.3d at 780 n.9 ("We need not address whether in some circumstances a trial

court, in the exercise of its discretion, may rightly conclude that untimeliness or other factors relating to the particular claimant justify refusal of intervention where the intervenors seek to contest an ancillary issue.").

Even if intervention were permitted, the Court would deny Hansmeier's motion to unseal. "Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). "Whether the common-law presumption can be overcome is determined by balancing 'the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *Id.* (alteration in original) (quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013)). "[T]o adjudicate the issue, a court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records." *Id.*

AF Holdings filed the documents that Hansmeier moved to unseal according to the August 2012 Order, which states:

> Within 1 day of extending any offer to settle to John Doe or having any other contact with John Doe, AF Holdings shall disclose the offer or contact to the Court by filing under seal a copy of (1) any written communication between AF Holdings and John Doe or (2) a transcript of any oral communication between AF Holdings and John Doe.

AF Holdings did not file the documents in connection with any motion. It voluntarily dismissed the actions within days or weeks of filing most of the documents. The Court

concludes that the documents are not "judicial records" that are subject to the common-law right of access.  *Cf. IDT*, 709 F.3d at 1222-23 ("There may be a historical case to be made that a civil complaint filed with a court, but then soon dismissed pursuant to settlement, is not the sort of judicial record to which there is a presumption of public access.  The companies, however, acquiesce in what appears to be a modern trend in federal cases to treat pleadings in civil litigation (other than discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment or resolved by settlement." (citations omitted)).

The Court denies the motion to disqualify.  *See Liteky v. United States*, 510 U.S. 540, 554-56 (1994).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Hansmeier's motion to unseal [Docket No. 81 in Case No. 12-cv-1445; Docket No. 68 in Case No. 12-cv-1446; Docket No. 80 in Case No. 12-cv-1447; Docket No. 72 in Case No. 12-cv-1448; Docket No. 93 in Case No. 12-cv-1449] is DENIED.

2. Hansmeier's motion to disqualify [Docket No. 83 in Case No. 12-cv-1445; Docket No. 70 in Case No. 12-cv-1446; Docket No. 82 in Case No. 12-cv-1447; Docket No. 74 in Case No. 12-cv-1448; Docket No. 95 in Case No. 12-cv-1449] is DENIED.

Dated: July 14, 2020

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge